IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT DIVISION

**1: CV 01-0184**

CHRISTOPHER ROSEBORO,
    PETITIONER.

    -vs-

DON ROMINE, WARDEN.
UNITED STATES OF AMERICA,
    RESPONDENT.

CRIM.NO. B-94-034
CIVIL.NO._____

RECEIVED SCRANTON DEC 29 2000 PER___ DEPUTY CLERK

FILED SCRANTON JAN 29 2001 PER___ DEPUTY CLERK

MEMORANDUM OF LAW IN SUPPORT OF THE PETITIONER'S MOTION PURSUANT TO 28 U.S.C. §2241.

## INTRODUCTION.

Comes Now, the Petitioner Christopher Roseboro, pro-se and respectfully submits that the events which transpired in the instant case constitute a denial of the petitioner's Due Process rights, as guaranteed by the Fifth Amendment of the United States Constitution and a denial of his Sixth Amendment rights. In short, the petitioner contends that his sentence and conviction in the instant cast on count (X) should be vacated due to an intervening change in the law, Further, such errors were not merely procedural, but substantially infringed upon the petitioner's constitutional right to Due Process of Law a fair trial.

-1-

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT DIVISION

CHRISTOPHER ROSEBORO, )
     PETITIONER. ) CRIM.NO. B-94-034
) CIVIL.NO._____
)
-vs- )
)
DON ROMINE, WARDEN. )
UNITED STATES OF AMERICA, )
     RESPONDENT. )

MEMORANDUM OF LAW IN SUPPORT OF THE
PETITIONER'S MOTION PURSUANT TO 28
U.S.C. §2241.

## JURISDICTION

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §2241. See, In Re Dorsainvill, 119 F.3d 245 (3rd Cir. 1997), (district court located in prisoner's district of confinement is approriate court in which to file §2241 habes petition challenging validity of conviction).

I. The §2241 is the appropriate remedy for the petitioer's claims.

Generally, a federal prisoner must file a motion pursuant to 28 U.S.C. §2255 to challenge his conviction or sentence. Tripati v. Henman, 843 F.2d 1160 (9th Cir.), cert. denied, 488

-2-

982 (1988). A §2255 is the violations that occur at or the time of sentencing. Id.. A petition pursuant to 28 U.S.C. §2241 is used to challenge the execution of an individual's sentence. Id.; see also, United States v. Mittelsteast, 790 F.2d 39 (7th Cir. 1986)(habeas corpus proceeding pursuant to §2241 is the proper remedy for challenging information in the PSI). A §2241 petition is also appropriate if "it also appears that the remedy by (§2255) motion is inadequate or ineffective to the legality of his detention. Id.; United States Pirro, 104 F.3d 297 (9th Cir. 1997) (holding that delay in considering a §2255 motion caused by a pending appeal is not sufficient to make the §2255 inadequate or ineffective); see also, Stirone v. Markley, 345 F.2d 473 (7th Cir. 1963) (suggesting that a §2255 remedy might be ineffective where the sentencing court refuses to hear a §2255 petition altogether or where the court delays in hearing the petition inordinately); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997) (holding that the petitioner could raise his claim in a §2241 rather then in a §2255 because the failure to let him raise this issue in a §2241 would raise a serious constitutional question and the new provisions of the AEDPA preclude him from raising the issue in a §2255). Triestman, also holding that, where a petitioner claims on the existing record, that he is innocent of the crime of which he has been convicted, and §2255 relief is barred, §2241 relief must be available in order to avoid serious constitutional issues. Id. at 379.

In the present case, the petitioner claims that a § 2255 does not provide an adequate or effective remedy. The petitioner has previously filed a § 2255 motion in the United States District Court for the District of maryland (CHRISTOPHER ROSEBORO 996809)that was denied. thereafter, the Supreme Court raise serious question concerning rights to a jury trial and proper notice. Petitioner filed a second petition (§ 2244) which was also denied. Nevertheless, at present time the petitioner does not have any newly discovered evidence and there are no United States Supreme Court decisions made specifically retroactive to case on collateral review that could assist the petitioner. Therefore, the petitioner admittedly cannot meet the strict procedural requirements for successive petition under 28 U.S.C. § 225. However, an intervening decision by the United States Supreme Court*, although not made retroactive to case on collateral review, establishes that the petitioner's sentence and conviction is in violation of the constitution and he may be actually or legally innocent of his sentence and conviction. See, <u>Bousley v. United States</u>, 140 L.Ed. 2d 828 (1999). In light of the facts and circumstances surrounding this case, the petitioner contends that he should have forum to present these claims. Therefore, a motion pursuant to 28 U.S.C. § 2241 is the appropriate remedy for the constitutional violations which occurred in the petitioner's case. See, <u>Triestman</u>, 124 F.3d at 377-79 (2nd Cir. 1997).

---

\* <u>Castillo</u> v. <u>United States</u>, 120 S.Ct. 2090 (2000), <u>Jones</u> v. <u>United States</u>, 526 U.S. 227 (1999), and fully resolved by <u>Apprendi</u> v. <u>New Jersey</u>, No. 99-478, 2000 WL 807189.

-4-

In Dorsainvil, supra., the court allowed the petitioner to pursue habeas relief under § 2241 because an intervening decision established that the act for which the prisoner was in custody was not criminal. Id. at 252. That case involved the Supreme Court's decision in Bailey v. United States, 516 U.S.137 (1995) which had been decided after the petitioner had been found guilty. Because Bailey did not involve a "new rule of constitutional law", the Bailey petitioner was barred from bring his claims in a successive § 2255 petition. Dorsainvil, 119 F.3d at 248; see also 28 U.S.C. § 2255(stating explicitly that second or successive petition is justiciable only if it is based on "newly discovered evidence" or a "new rule of constitutional law"). Further, because the petitioner could not have brought his claim prior to the enactment of AEDPA, and because review of the claim was precluded by § 2255's successive petition provision, the court found that § 2241 remained available to avoid serious constitutional questions. Dorsainvil, 119 F.3d at 251-52.

Petitioner contends that he has stated meritorious claims that were not raised in his prior §2255 because it was filed prior to Castillo v. United States, 120 S.Ct. 2090 (2000), Apprendi v. New Jersey, No. 99-478, 2000 WL 807189. Which sets forth the standard for determining the type of firearm a petitioner possesses to get the enhanced provision under 924(c)(1), is a sentencing factor or an element of the offense that should be charged in the indictment and submitted to the jury.

-5-

of 924(c)(1). Nonetheless, as will be discussed in the following sections, the government failed to charge the type of gun in the indictment and submit it to the jury to determine beyond a reasonable doubt. which is required under <u>Apprendi</u> and <u>Castillo</u>, to trigger the enhanced sentence or to charge a crime under 924(c)(1). Accordingly, the petitioner is actually or legally innocent of his conviction and sentence as to count (X), thus the conviction must be vacated. Therefore, in light of all the reasons discussed above, the petitioner contends that a §2255 is inadequate or ineffective to raise his claims and the proper remedy for his claims is a §2241 motion.

## ARGUMENT (I)

In Light of the recent United States Supreme Court Decision's in <u>Castillo</u> v. <u>United States</u>, and <u>Apprendi</u> v. <u>New Jersey</u>, the government failed to prove all required elements of the instant conviction under count (X) 924(c)(1), beyond a resonable doubt, and the sentence and conviction must be Vacated.

This case squrely presents constitutional issues addressed by <u>Jones</u> v. <u>United States</u>, 526 U.S. 227 (1999) and <u>Castillo</u> v. <u>United States</u>, 120 S.Ct. 2090 (2000) and fully resolved by <u>Apprendi</u> v. <u>New Jersey</u>, No.99-478, 2000 WL 807189. In <u>Castillo</u>, and <u>Apprendi</u>, the Court unequivocally held that "[I]t is unconstitutional for a legislature to remove from the jury the assesssment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." Id. (citing <u>Jones</u>, 526 U.S. at 252-53 (Stevens J. Concurring).

Castillo and Apprendi; makes clear that whenever the statutorily permissible punishment varies according to the presence or absence of an identifiable fact or element described within a statute, that fact must be pleaded in the indictment and found by a jury beyond a reasonable doubt.

Castillo and Apprendi, compels that petitioner is actually or legally innocent of his conviction and sentence. See, Bousley v. United States, 140 L.Ed 2d 828, holding since [the jury] had been misinformed by the district court as to the nature of the charged crime; and if the record disclosed that at the time of the [trial] ,... The District Court did not correctlly understand the essential elements of the crime with which the accused was charged, then the [conviction] is invalid under the federal constitution. Moreover, that it was appropriate to remand the case to permit him to attempt to make a showing of actual innocent.

The fact the District Court acted in good faith reliance on existing precedent does not mitigate the impact of that erronous advise to the jury. It's consequences for the defendant were just as severe and just as unfair, as if the judge had knowingly conspired with the prosecutor to convict him of a crime that he did not commit. Id. at 842.

At petitioner's trial, the district court misinformed the jury as to the elements and the true nature of the crime charged. Given the fact the record now establishes that petitioner's conviction is constitutionally invalid, he remains presumptively innocent of the crime.

A.  INDICTMENT

An indictment is sufficient if it meets two requirements: (1) It contains the elements of the offense and contains sufficient facts and circumstances to fairly inform the accused of the specific offense; and

(2) It contains sufficient information to allow him to plead an acquittal or conviction in bar of future prosecution for the same offense.

<u>Hamling</u> v. <u>United States</u>, 418 U.S. 87 (1974).

The Sixth Amendment confers a right "to be informed of the nature and cause" of a criminal accusation. The charging document must therefore provide notice of the charges, adequate for prepration of the defense. <u>Russell</u> v. <u>United States</u>, 396 U.S. 749(1962).

To these ends, federal rules of criminal procedure 7(c) requires "a plain, concise and definite written statement of the essential facts constituting the offense charged".

A deficient indictment, requires a defendant to go to trial with the chief issue undefined. It enable his conviction to rest on point and the affirmance of the conviction to rest on another. To gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture. <u>Russell</u>, <u>supra</u>, at 766.

The indictment secures the Fifth Amendment guarantee "that the accused is to be tried only on such charges as a grandjury has returned". Id. at 771. Thus even if it provides adequate notice, an indictment is defective unless the grand jury agreed on the fats constituting each essential element.

-8-

"The purpose of this requirement... is to limit [a defendant's] jeopardy to offense charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge. To allow the prosecutor the court to guess what was in the minds of the grand jurors at the time they returned the indictment would deprive the defendant of this "basic protection" for which a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to the grand jury which indicted him". Id. at 770-771.

B. **ELEMENTS**

The Supreme Courts recent decision in Castillo v. United States, 120 S.Ct. 2090 (2000) and Apprendi v. New Jersey, U.S. 99-478 (2000 WL 807189). Expressed serious doubt concerning the constitutionally of allowing penalty enhancing findings to be determined by a judge by a preponderance of the evidence, citing Jones v. United States, 526 U.S. 227 (1990). The Supreme Court held that the right to due process of law and the right to a jury trial read together, indisputably entitle a defendant to a jury determination that he is guilty of every fact that increases the penalty of the crime beyond the prescribed statutory maximum.

In Petitioner Roseboro's indictment count Ten charged petitioner with "did unlawfully, knowingly, and intentionally use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the robbery of the Provident Bank of Maryland, 2934 O'Donnell Street, Baltimore, Maryland, a violation of 18 U.S.C. §2113, as set forth in count eight, above."

-9-

During petitioner's trial the court instructed the jury "they need not find what type of firearm petitioner possessed, they need just find petitioner possessed a firearm beyond a reasonable doubt". (T.T. DAY 8-10-94 Pg 520). The jury returned a verdict of guilty as to count Ten. During petitioner's sentencing the court found by a prepondoderance of the evidence petitioner was guilty of use of a sawedoff shot gun and sentenced petitioner to 20 years. (S.T. DAY 17   Pg.13 ).

Petitioner now alleges that the court violated his Fifth and Sixth Amendment during trial, in light of, the Supreme Court's ruling in Castillo and Apprendi. And he is actual innocent of the 924(c)(1) conviction in count Ten.

Concerning the increased statutory penalties under 18 U.S.C §924(c)(1). Castillo v. United States, 2000 WL 712805 (U.S. June, 2000). In Castillo, the statutory in question provided for an increased statutory sentence from 5 years to 30 years if a michine gun was possessed rather than a handgun. The Castillo court held that whether a machine gun was used by a defendant was an element of the offense that the trier of fact, not the sentencing judge must determine. Id at *1.

The High Court cited several reasons for their findings that "whether a machine gun was used" was an element of the offense. It stated that a rule that "leaves the machine gun matter to the sentencing judge-might unnecessarily produce a conflict between the judge and the jury." Id. at *5. The Castillo court went on to state

-10-

that "there is no reason to think that Congress would have wanted a judge's views to prevail in a case of so direct a factual conflict, particularly when the sentencing judge applies a lower standard of proof and when 25 additional years in prison are at stake." Id. *6 (emphasis added). With that in mind the Court held that "the length and serverity of an added mandatory sentence that turns on the presence or absence of a "machinegun" (or any of the other listed firearm type) weighs in form of treating such offense related words as referring to an element." Id. at *7.

The Jones Castillo and Apprendi, cases insinuated that any factor that changes a statutory mandated sentence were elements treated as sentencing factors and must be submitted to the jury and proven beyond a reasonable doubt. Which the above assessemt of case law render petitioner actual innocent of count Ten. So petitioner ask this Honorable Court to Reverse his conviction and sentence on count Ten.

## ARGUMENT (II)

**THE COURT WAS WITHOUT AUTHORITY TO IMPOSE A JUDGEEMENT AND SENTENCE UNDER COUNTS III, VI AND IX AS SUCH REPRESENTS GREATER PUNISHMENT THAN INTENDED BY THE LEGISLATURE.**

The Grand Jury, in a ten count indictment filed on 1-27-94, charged petitioner in counts two, five and eight with the robbery of three different banks in violation of Title 18 U.S.C. 2113(a) and in counts three, six and nine with putting a person in

-11-

jeopardy of his life by the use of a dangerous weapon, in the commmission of the robberies charged in counts two, five and eight, violations of Title 18 U.S.C. 2113(a). Under the long standing and recently reaffirmed principal of law that it is impermissible to impose judgement under more than one section of a single transaction, see Walters v. Harris, 460 F.2d 988, 994 (4th Cir. 1972)(citing) Heflin v. United States, 358 U.S. 415 (1959); also the Supreme Court's most recent opinion on the matter Rutledge v. United States, 517 U.S. 292, 134 L.Ed. 2d 419, 116 S.Ct. 1241 (1996), the judgements of conviction, the sentences as well as the special assessment fees entered respecting counts three, six and nine must be vacated as such derrives from the single transactions of counts two, five and eight respectively and, therefore stands as greater punishment than intended by the Legislator. Walters v. Harris, supra, Rutledge v. United States, supra.

In this case, as in any other case where the issue is whether or not a defendant has been punished more than once for the same offense, resalution reguires adherence to the Blackburger, doctrine. Rutledge, supra, 134 L.Ed. 2d at 426 (citing) Blackburger v. United States, 284 U.S. 299 (1932). Under this doctrine, the Rutledge Court observed that where one count is the next, for double jeopardy purposses, both counts typically constitutes the same offense. Id.

It is oxiomatic that the offense simple bank robbery as proscribed by subsection (a) of 2113 does not define a distinct crime from the more aggrevated Armed bank robbery as proscribed by subsection (d) of 2113. Harris v. Walters, supra. It is also firmly established that counts two, five and eight are lesser included offenses of counts three, six, and nine respectively, as the court noted in Harris v. Walters, supra,:

> "It was not the intent of Congress by the various sections of 18 U.S.C.A. §2113 to create a number of distinct crimes for a single bank robbery. See Hefflin v. United, 358 U.S. 514, 79 S.Ct. 451, 3 L.Ed 2d 407 (1959); Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed. 2d. 370 (1957). Rather the various sections "create different maximum punishments for a single offense depending on whether aggravating circumstances exist," Eaves v. United States, 391 F.2d 287, 288 (5th Cir. 1968), and it is impermissible to impose sentence under more than one section of a single transaction." Id.

460 F.2d at 994.

Here, the indictment improvidently charged the alleged aggravated circumstances of counts two, five and eight as separate offenses under counts three, six and nine respectively. Consequently, as the cases require, the aggravated counts must be dismissed as a verdict on the lesse included offenses necessarily implies acquittal on the greater offenses. see,e.g., Price v. Georgia, 398 U.S. 323, 329 (1970). Futhermore, that the tainted judgements were ordered to run concrrently with the judgements on counts two, five and eight

-13-

does not warrant a different conclusion see, Walters at 994; Rutledge, 134 L.Ed. 2d at 431. Lastly, to the extent that the special assessment fees under counts three, six and nine are likewise greater punishments than the Legislature intended, petitioner is entitled to reinbersement in the sum of $150.00 and to resentencing to 240 months. i.e., 60 months less than that imposed under the tainted judgements. Petitioner's counsel was ineffective for his failure to object at sentencing.

**1. INEFFECTIVE ASSISTANCE STANDARD; APPLICATION TO SENTENCING PROCEDURES.**

As this court is well-aware, the Sixth Amendment to the United States Constitution guarantees that every criminal defendant is entitled to the assistance of counsel in presenting his or her defense. "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and the legitimacy, of our adversay process." Kimmelman v. Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574, 2582 (1986). Furthermore, the Supreme Court has recognized that "the right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 14411449 (1970)(emphasis added).

The Supreme Court established the test for determining whether a defendant has received the effective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2055 (1984). The High Court stated that "the benchmark for judgeging any claim of ineffectiveness must be whether counsel's conduct so undermined the

proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. The Strickland test has two components, both of which must be satisfied to establish that defense counsel's performance was ineffective. First, "the defendant must show that the counsel's performance was defiecient." Id. at 687. Second, the defendant must show that the deficient performance prejudiced the defense. Id.

The right to effective assistance of counsel extends to sentencing proceedings. Mempha v. Rhay, 389 U.S. 128, 134 (1967); United States v. Kissick, 69 F.3d 1048 (10th Cir. 1995); Bousley v. Brooks, 97 F.3d 284, 288 (8th Cir. 1996). Counsel has been found to be ineffective for failure to argue sentencing issues that may have resulted in different sentencing. "Familiarity with the structure and basic content of the Guidelines,*** has become a necessity for counsel to give effective represetation." United States v. Gaviria, 116 F.3d 1498, 1512 (D.C. Cir. 1997).

Courts have often recognized that one of the important of functions of defense counsel at sentencing is to ensure that the defendant is sentenced on the basis of accurate information. In Townssend v. Burke, 334 U.S. 736, 740 (1948), the Supreme Court stated that "[c]ounsel would have been under a duty to prevent the court from proceeding on such false assumptions and, perhaps, under a duty to seek remedy elsewhere if they persisted." This duty has also been recognized by the American Bar Association. The ABA stated in its Standard for Criminal Justice that:

> [d]efense counsel should present to the court any
> ground which will assist in reaching a proper
> disposition favorable to the accused. If a pre-
> sentence report or summary is made availble to the
> defense lawyer, he or she should seek to varify
> the information contained in it and should be
> prepared to supplement or challenge it if neces-
> sary.

Standard 4-8.1(b)(2d ed. 1980).

Petitioner submits that he can prove cause for failing to raise his claims of ineffective assistance earlier, based upon the fact that he previously filed his §2255 pro-se, and that time, did not understand the legal ramifications of the issues he now raised.

The Supreme Court has found that pro-se motions must be construed to "a less stringent standard" than those made by counsel. Haines v. Kerner, 404 U.S. 519, 520 92 S.Ct. 594 (1971). Also, in the case of Traguth v. Zuck, 710 F.2d 90 (2nd Cir. 1983), this Circuit found as follows:

> Implicit in the right to self-representation is an
> obligation on the part of the court to make reason-
> able allowances to protect pro-se litigants from
> inadvertent forfeiture of important rights because
> of their lack of legal training. While the right
> does not exempt a party from compliance with
> relevant rules of procedural and substantive law,
> it should not be impaired by harsh application
> of technical rules. Trial courts have been directed
> to read pro-se papers liberally, and to allow
> amendment of pro-se complaints fairly freely.

-16-

ID. at 95 (citations omitted).

In the present case, Petitioner prepared his previous §2255 motion without the assistance of counsel. Petitioner's lack of legal training is precisely the reason he overlooked the issues which he now raises in his latest motion. This, Petitioner contends, provides cause for his procedural default under the abuse of writ standard discussed above.

Petitioner submits that he also shown prejudice in this case. Petitioner received a sentence of 50 years imprisonment. If the issue raised in the instant motion had been properly advocated by counsel, Petitioner's sentence would have been reduced by 5 years and $150.00 court assessment fee would have been deducted. Therefore, Petitioner has shown clear prejudice which should result in a vacation of his sentence. This provides the prejudice prong set forth by the Supreme Court in Frady and McCleskey, supra.

Even if the Court finds that Petitioner has not met the cause and prejudice test so that he may proceed with his claims of ineffective assistance of counsel, review is still available if "the ends of justice would not be served by reaching the merits of the subsequent application." Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077 (1962). In McClesky, the Court interpreted this to mean that a court could still hear a claim, disregarding the waiver question, if it would correct a manifest injustice. In the case of United States v. Minicone, 26 F.3d 297 (2nd Cir. 1994).

the Court found that even in a situation where an issue raised was previously raised on direct appeal, that the court may nonetheless proceed to the merits of the claim if "there has been an intervening change of controlling law, new evidence has become available, or there is need to correct a clear error or prevent manifest injustice." Id. at 300

## CONCLUSION.

In the present case, petitioner has presented issues which indicate that he is actually innocent or legally innocent of arguments (I) and (II) of this 28 U.S.C. § 2241 Motion. Accordingly, petitioner is entitled to relief. To deny relief at this point, based upon procedural bar, would thus create a manifest injust. Therefore, petitioner submits that he is entitled to review of his claims of ineffective assistance of counsel upon their merits.

Petitioner swears upon penalty of perjury that all the information within this motion is true and correct to the best of my knowledge.

RESPECTFULLY SUBMITTED

Christopher Rosolano  PRO-SE.

# CERTIFICATE OF SERVICE

I, **PETITIONER CHISTOPHER ROSEBORO**, hereby certify, under the penalty of perjury, that I have mailed a true copy of the foregoing document(s) to those listed below at the address listed with the proper amount of first class postage prepaid by placing same in the institutional legal mailbox at the United States Penitentiary at Lewisburg, Pennsylvania this __21__ day of __DECEMBER__, __2000__

This same day I have mailed in the same way an original and _2_ copies of the foregoing documents(s) to the Clerk of the Court.

```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT DIVISION.
```

```
                              RESPECTFULLY SUBMITTED
                              Christopher Roseboro
                              MR.CHRISTOPHER ROSEBORO,PRO-SE.
                              REG.NO#29911-037
                              U.S.P. LEWISBUR.
                              POST OFFICE BOX 1000
                              LEWISBURG, PA. 17837.
```