**ORIGINAL**

DMB:MEH:all/ 2001V00234

FILED
HARRISBURG, PA

MAR 26 2001

MARY E. D'ANDREA, CLE
Per _____
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER ROSEBORO,
   Petitioner  : No. 1:CV-01-0184
          :
 v.         : (Judge Kane)
          :
DONALD ROMINE, et al. :

GOVERNMENT'S RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS

   This is habeas corpus matter brought under 28 U.S.C. § 2241, by a federal prisoner, Christopher Roseboro, who presently is confined at the United States Penitentiary at Lewisburg, Pennsylvania (known as "USP Lewisburg"). Roseboro is challenging his 1994 conviction in the United States District Court for the District of Maryland for the robbery of three banks, in violation of 18 U.S.C. §§ 2113 and 2, and for using firearms in the commission of two of those crimes in violation of 18 U.S.C. § 924(c).

   In this habeas petition, Roseboro relies upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), to challenge his 1994 conviction. Roseboro alleges that (1) his conviction should be overturned because the type of firearm used in the commission of

the bank robberies was not charged in the indictment or submitted to the jury; (2) that he was sentenced more than once for the same offenses; and (3) that his counsel was ineffective.

Although the government maintains that Roseboro cannot raise an <u>Apprendi</u> claim under 28 U.S.C. § 2241, the Court need not address that question in that <u>Apprendi</u> does not apply to Roseboro. Additionally, Roseboro cannot raise his sentencing claim or ineffective assistance of counsel claim via a § 2241 habeas petition.

### Statement of the Case

In 1994, Roseboro and a co-defendant, James Edward Key, were indicted by a Grand Jury in the United States District Court for the District of Maryland at No. 94-CR-034 for conspiracy to commit robbery of three banks, in violation of 18 U.S.C. § 371; robbery of three banks, in violation of 18 U.S.C. §§ 2113 and 2; and use of firearms in the commission of the three bank robberies, in violation of 18 U.S.C. § 924(c). (Roseboro's Memorandum, p. 11). See <u>United States v. Roseboro</u>, 87 F.3d 642, 644 (4th Cir. 1996).

Roseboro and his co-defendant were acquitted by a jury of the firearms count and the conspiracy count relating to the first bank robbery, but convicted of the remaining eight counts. <u>Id.</u> On August 11, 1994, the court sentenced Roseboro to 300 months

2

for the bank robberies, 60 months for the first firearms violation and 240 months for the second firearms violation, for a total of 600 months. Id. (Pet. P. 3). Roseboro appealed to the Fourth Circuit Court of Appeals and, on June 20, 1996, the court affirmed Roseboro's conviction. Id. At 647. (Pet., p. 3).

On January 8, 1998, Roseboro filed a motion to vacate under 28 U.S.C. § 2255. (Exh. 1, p. 2; Exh. 2, p. 1). The district court denied Roseboro's motion on April 16, 1999. (Exh. 1, p. 3; Exh. 2, p. 1-2). Roseboro appealed to the Fourth Circuit and, on January 13, 2000, the court denied a certificate of appealability and dismissed Roseboro's appeal. See United States v. Roseboro, 199 F.3d 1329 (Table), 1999 WL 973617 (4th Cir. 1999) (attached). (Exh. 1, p. 4). Roseboro then petitioned the Fourth Circuit for leave to file a second or successive motion under 28 U.S.C. § 2255 and, on December 13, 2000, the court denied Roseboro's petition. (Exh. 1, p. 4; Pet., p. 6)

On December 29, 2000, Roseboro filed his present habeas petition under 28 U.S.C. § 2241. Relying upon Apprendi, 120 S. Ct. 2348, Roseboro alleges that his conviction should be overturned because the type of firearm used in the commission of the bank robberies was not charged in the indictment or submitted to the jury. Roseboro also alleges that he was sentenced more than once for the same offenses and that his counsel was ineffective.

3

### Question Presented

Should the habeas petition be denied in that <u>Apprendi</u> is not applicable to Roseboro and, further, because Roseboro cannot challenge his conviction or sentence by a § 2241 habeas petition?

### Argument

**THE HABEAS PETITION SHOULD BE DENIED IN THAT <u>APPRENDI</u> IS NOT APPLICABLE TO ROSEBORO AND, FURTHER, BECAUSE ROSEBORO CANNOT CHALLENGE HIS CONVICTION OR SENTENCE BY A § 2241 HABEAS PETITION.**

Although Roseboro cannot bring a § 2241 habeas petition to challenge his conviction and sentence, <u>see</u> text <u>infra</u> at 6-13, the Court need not reach that issue because <u>Apprendi</u> is not applicable to Roseboro.

**A.   <u>Apprendi</u> Does Not Apply to Roseboro**.

In <u>Apprendi</u>, 120 S. Ct. 2348, the Supreme Court held that any fact that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. <u>Id</u>. at 2362-63. <u>Apprendi</u>, thus, is limited to a sentencing factor that increases a sentence beyond the maximum set forth in the underlying criminal statute.

Indeed, the Third Circuit recently held that there is no <u>Apprendi</u> issue where a defendant's sentence on any count as calculated under the guidelines is equal to or less than the lowest maximum sentence authorized by the relevant statute. Thus, the

4

circuit held that <u>Apprendi</u> applies only to the determination of facts which *increase a statutory maximum sentence*; it has no application to the ordinary calculation of the sentencing guidelines. <u>United States v. Williams</u>, 235 F.3d 858, 862-64 (3rd Cir. 2000); <u>see also</u> <u>United States v. Cepero</u>, 224 F.3d 256, 267 n.5 (3rd Cir. 2000)(en banc)("Because application of the Sentencing Guidelines in this case does not implicate a fact that would increase the penalty of a crime beyond the statutory maximum, the teachings of <u>Apprendi v. New Jersey</u>, ___ U.S. ___, [120 S. Ct. 2348 (2000)], are not relevant here.").

Thus, so long as the sentence calculated under the guidelines is accommodated by the lowest statutory maximum, and no factual finding is required to enhance the statutory maximum, there is no <u>Apprendi</u> issue.

Although Roseboro alleges that his gun conviction charge or charges violate the holding in <u>Apprendi</u>, <u>Apprendi</u> is inapplicable. Roseboro did not receive an enhanced sentence greater than the statutory maximum. Rather, Roseboro was convicted of two gun charges under 18 U.S.C. §924(c). Under the version of §924(c) that existed at the time Roseboro was convicted, the punishment for the first §924(c) conviction was five years imprisonment and the punishment for the second 924(c) conviction

5

was twenty years. See 18 U.S.C. §924(c)(1)(1994).[1]  Roseboro, in fact, received a sentence of five years and 20 years, respectively, on his two gun convictions, which are separate crimes and are not sentencing enhancements. Because Roseboro did not receive a sentence above the statutory maximum, therefore, Roseboro has no Apprendi claims and his § 2241 habeas petition should be denied. See Williams, 235 F.3d at 862-64; Cepero, 224 F.3d at 267 n.5.

**B.  Roseboro' Cannot Challenge His Conviction or Sentence Via a § 2241 Petition.**

Even if Apprendi arguably applied in Roseboro's case, the government submits that Roseboro could not raise his Apprendi and his other claims concerning his conviction and sentence in a § 2241

---

[1] 18 U.S.C. §924(c)(1) provides:

Whoever, **during and in relation to any crime of violence** or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, **uses or carries a firearm**, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, **be sentenced to imprisonment for five years**, and if the firearm is a short-barreled rifle, short-barreled shotgun to imprisonment for ten years, and if the firearm is a machine gun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years. **In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years**, and if the firearm is a machine gun, or a destructive device, or is equipped with a firearm silencer or firearm muffler, to life imprisonment without release.

Id. (emphasis added).

habeas petition. This is so because Congress has mandated that persons like Roseboro, *i.e.*, persons convicted in federal court who challenge their convictions and sentences, are required to do so by filing a motion under 28 U.S.C. § 2255 before the sentencing court. Application of Galante, 437 F.2d 1164, 1165 (3rd Cir. 1971); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). As such, Roseboro cannot seek relief under 28 U.S.C. § 2241 and this habeas petition should be denied.

### 1. The Statutory Framework For Federal Post-Conviction Relief.

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are *required* to bring their collateral attacks challenging the *validity* of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255, **not** under 28 U.S.C. § 2241. Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Vial, 115 F.3d at 1194; Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

Thus, § 2255 provides a remedy which is equivalent to that historically available under the habeas writ. "[I]t conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had

previously been available by habeas corpus in the court of the district where the prisoner was confined." <u>Hill v. United States</u>, 368 U.S. 424, 427 (1962).

The reason for this rule is due to the venue provisions governing § 2241 petitions. Previously, prisoners had challenged their federal convictions by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. This proved unmanageable, however, in that § 2241 habeas petitions are filed in the district where the prisoners are confined. As a result, the few districts that had major federal penal institutions were required to handle an inordinate number of habeas actions far from the homes of the witnesses and the records of the sentencing court. Accordingly, in 1948, Congress enacted § 2255 to require collateral review of convictions and sentences of federal prisoners in the district of the criminal trial court. <u>Dorsainvil</u>, 119 F.3d at 249.

Section 2255 motions now are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 683 (3rd Cir. 1954). The <u>only</u> exception, i.e. when a federal prisoner nevertheless can seek habeas relief under § 2241, is when § 2255 proves "inadequate or ineffective" to test the legality of detention, which exception we address below.

8

28 U.S.C. § 2255; Davis, 417 U.S. at 343, Dorsainvil, 119 F.3d at 251; Vial, 115 F.3d at 1194.

   2.   **The Antiterrorism and Effective Death Penalty Act's Effect on Federal Post-Conviction Relief**.

In 1996, Congress amended § 2255 through the Antiterrorism and Effective Death Penalty Act ("AEDPA"). One significant change is that prisoners must file their § 2255 motions within one year of their conviction or three other narrowly tailored situations, whichever is latest. Another change is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under § 2255. A second or successive § 2255 motion can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. § 2255; Vial, 115 F.3d at 1194-95.[2]

---

[2] A court of appeals may authorize the filing of a second or successive § 2255 motion only if the prisoner's application contains a claim based upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. See also 28 U.S.C. § 2244(b)(3).

9

The Third Circuit addressed the extremely limited availability of a § 2241 motion to challenge a federal conviction in In re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997). There, the defendant wished to challenge his conviction under 18 U.S.C. § 924(c), after the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995), limited the circumstances under which a person could be convicted of that offense. The Third Circuit held that the petitioner could not raise this issue in a successive § 2255 petition given the statutory limitations on successive § 2255 petitions. However, that left Dorsainvil in a position where he may well have been convicted for conduct that was not criminal, with him having no § 2255 remedy. The Court, while acknowledging that § 2241 "is now reserved for rare cases," 119 F.3d at 250, held that the remedy of § 2241 consideration applied in Dorsainvil's unique situation. In so holding, the Circuit relied on Davis v. United States, 417 U.S. 333 (1974), in which the Court held that habeas relief is available to a person where **a subsequent statutory interpretation revealed his <u>conduct not to be criminal</u>** in order to avoid a complete miscarriage of justice. 119 F.3d at 251.

Dorsainvil continued:

> *We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively*

10

> ***eviscerate Congress's intent in amending § 2255.***
> However, allowing someone in Dorsainvil's <u>unusual</u>
> position -- that of a prisoner who had no earlier
> opportunity to challenge his conviction for a crime
> that an intervening change in substantive law may
> negate, even when the government concedes that such a
> change should be applied retroactively -- is hardly
> likely to undermine the gatekeeping provisions of §
> 2255.

<u>Id</u>. at 251 (emphasis added).

Thus, the "inadequate and ineffective" exception of § 2255, known as the "safety-valve" clause or "savings" clause of § 2255, ***must*** be construed ***strictly***. <u>Dorsainvil</u>, 119 F.3d at 251 (collecting cases). Section 2255 "is <u>not</u> rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a § 2255 motion...." <u>In re Vial</u>, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc)(citations omitted); <u>Dorsainvil</u>, 119 F.3d at 251; <u>Bradshaw</u>, 86 F.3d at 166 (§ 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255"); <u>Leguillou</u>, 212 F.2d at 684; <u>United States v. Walker</u>, 980 F. Supp. 144 (E.D. Pa. 1997). See also <u>Pack v. Yusuff</u>, 218 F.3d 448, 453 (5th Cir. 2000)("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear

11

attempt to limit successive habeas petitions."); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make § 2255 "inadequate or ineffective;" to permit such a result "would make Congress' AEDPA amendment of § 2255 a meaningless gesture"); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(the argument that the "inadequate or ineffective" language of § 2255 permits a prisoner to turn to §2241 when prevented from obtaining relief under § 2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(if a prisoner could bring a § 2241 action simply when unable to bring a § 2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review").

Presumably Roseboro thinks he can ask this court to review his challenge to his conviction because he cannot meet one of the gatekeeping requirements of § 2255. As just discussed above, however, the Third Circuit and other Courts of Appeals have held that merely because a criminal defendant/prisoner cannot meet the gatekeeping requirements of § 2255 does not permit the prisoner to file a § 2241 petition --with such a result eviscerating Congress' recent amendment to § 2255. Thus,

12

Roseboro cannot maintain this § 2241 habeas petition to collaterally challenge his federal conviction.

The government notes that in United States v. Brooks, 230 F.3d 643 (3rd Cir. 2000), the Court of Appeals confirmed that § 2241 may not be used to escape the procedural limitations imposed by the AEDPA.  Reviewing the limited number of cases in which a § 2241 petition had been allowed, the Court stated: "Indeed, a common theme is evident in the circuit court opinions addressing the availability of § 2241:  in those cases in which recourse to § 2241 is granted, the petitioner would have no other means of having his or her claim heard."  Id. at 648.  In Dorsainvil, for example, by the time it was decided that the *defendant's conduct was **not criminal** at all*, Dorsainvil had no recourse to § 2255 to redress the situation.  In contrast, where a defendant could have availed himself of § 2255 to address his grievance but is barred due to AEDPA's procedural rules, recourse to § 2241 is impermissible.  Accordingly, Brooks held that the petitioner could not challenge his conviction in the Court of Appeals under § 2241 simply because AEDPA barred an appeal of the district court's decision as to his § 2255 petition.

In light of the above, Roseboro cannot bring his claims challenging his conviction or sentence in a § 2241 habeas petition; rather, he must do so under 28 U.S.C. § 2255.  Whether Roseboro's claims may be foreclosed because of the procedural

restrictions that Roseboro has thus far failed to satisfy and may not be able to satisfy, does not alter the fact a writ of habeas corpus under § 2241 is not available in this case. Accordingly, the habeas petition should be dismissed.[3]

### Conclusion

For the above-stated reasons, Roseboro's petition for a writ of habeas corpus should be denied.

>Respectfully submitted,
>
>DAVID M. BARASCH
>United States Attorney
>
>_____
>MATTHEW E. HAGGERTY
>Assistant U.S. Attorney
>ANITA LIGHTNER
>Paralegal Specialist
>228 Walnut Street, 2nd Floor
>P.O. Box 11754
>Harrisburg, PA  17108-1754
>717/221-4482

Date:  March 26, 2001

---

[3] Should the Court believe that any issues asserted by Roseboro are properly raised in a § 2241 petition, Respondent requests that additional time be granted to respond so that the United States Attorney's Office for the District of Maryland, which prosecuted Roseboro, can prepare a response to the merits of any such claims. Additionally, that office would also to be able to address whether Roseboro procedurally defaulted his Apprendi claim by not raising it on direct appeal, see, e.g., Withrow v. Williams, 507 U.S. 680, 720-721 (1993)(Scalia, J., concurring), such as to foreclose a § 2255 motion or habeas petition; whether Apprendi applies retroactively on collateral review; and whether, if there was error, whether there was no plain error given the weight of the evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER ROSEBORO,         :
    Petitioner           :   No. 1:CV-01-0184
                         :
v.                            :   (Judge Kane)
                         :
DONALD ROMINE, et al.         :

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    That this 26th day of March, 2001, she served a copy of the attached

**GOVERNMENT'S RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Christopher Roseboro
Reg. No. 29911-037
USP Lewisburg
P.O. Box 1000
Lewisburg, PA 17837

                                        ANITA LIGHTNER
                                        Paralegal Specialist

199 F.3d 1329 (Table)
**Unpublished Disposition**

Page 2

(Cite as: 199 F.3d 1329, 1999 WL 973617 (4th Cir.(Md.)))
**H**

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Fourth Circuit.

**UNITED STATES of America, Plaintiff-Appellee,**
v.
**Christopher ROSEBORO, Defendant-Appellant.**

No. 99-6845.

Submitted Oct. 8, 1999.
Decided Oct. 26, 1999.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Senior District Judge. (CR-94-34-B, CA-98-74-B).

Christopher Roseboro, Appellant Pro Se. Carmina Szunyog Hughes, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

PER CURIAM.

**\*\*1** Christopher Roseboro seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp.1999). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court. *See United States v. Roseboro,* Nos. CR- 94-34-B; CA-98-74-B (D.Md. Apr. 16, 1999). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works