**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
APR - 6 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

CHRISTOPHER ROSEBORO,
    PETITIONER.   )   NO: 1:CV-01-0184
)
)
-vs-   )
)
UNITED STATES OF AMERICA,   )   HONORABLE: JUDGE KANE.
DONALD ROMINE, RESPONDENT.   )

PETITIONER'S REPLY MOTION TO THE GOVERNMENT'S
OPPOSITION TO PETITIONER'S MOTION UNDER 28
U.S.C. § 2241. PETITION FOR WRIT OF HABEAS
CORPUS BY A PERSON IN FEDERAL CUSTODY.

NOW COMES Christopher Roseboro, hereafter (Petitioner) and does hereby submit his response to the government's oppsoition to his 28 U.S.C. § 2241 Motion. This motion is in the attached memorandum.

FILED
HARRISBURG
APR - 6 2001
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

RESPECTFULLY SUBMITTED
*Christopher Roseboro*
MR. CHRISTOPHER ROSEBORO.
PRO-SE PETITIONER.
REG.NO# 29911-037
U.S.P. LEWISBURG.
POST OFFICE BOX 1000
LEWISBURG, PA. 17837

-1-

FILED
HARRISBURG, PA

APR - 6 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER ROSEBORO,
    PETITIONER.

NO: 1:CV-01-0184

-vs-

DONALD ROMINE, UNITED STATES
OF AMERICA, RESPONDENT.

HONORABLE: JUDGE KANE.

PETITIONER'S REPLY MOTION TO THE GOVERNMENT'S
OPPOSITION TO PETITIONER'S MOTION UNDER 28
U.S.C. § 2241. PETITION FOR WRIT OF HABEAS
CORPUS BY A PERSON IN FEDERAL CUSTODY.

NOW COMES Christopher Roseboro, hereafter (Petitioner) and does hereby submit his response to the government's opposition to his 28 U.S.C. § 2241 Motion. Petitioner's response is accompanied in the arguments below.

### ARGUMENT.(I)

THE GOVERNMENT ARGUES THAT PETITIONER IS WITHOUT JURISDICTION TO ARGUE HE IS ACTUALLY INNOCENT TO COUNT TEN OF HIS INDICTMENT IN LIGHT OF APPRENDI v. NEW JERSEY. THE GOVERNMENT'S ARGUMENT IS MISPLACE BECAUSE PETITIONER'S RE-LIES ON CASTILLO v. UNITED STATES, AS HIS SUPPORTING CASE TO SHOW ACTUAL IN-NOCE AS TO COUNT TEN 924(c).

In light of the recent United States Supreme Court decisions in Castillo v. United States, 530 U.S. 120 (2000), and Apprendi v. New Jersey, 530 U.S. 466 (2000), petitioner's § 924(c)(1) Conviction (Count 10) should be vacated.

-1-

Petitioner contends that the government's reliance on Apprendi, to preclude relief to petitioner's § 924(c)(1) conviction is misplaced and wholly without merits.

In beginning this argument, petitioner states his challenge as to the § 924(c)(1) conviction (count 10) was not based upon Apprendi, but instead was pursuant to the Supreme Court's ruling in Castillo v. United States, supra, and supportive by Jones v. United States, 526 U.S. 227 (1999) (elements of the offense **must** be charged in the indictment, submitted to the jury and proved beyond a reasonable doubt). Petitioner's reliance on Apprendi, was the reaffirmance of Jones, supra, principols that; "[I]t is unconstitutional for a legislature to remove from the jury the assessment of **facts** that increase the presribed range of penalties to which a criminal defendant is exposed. It is equally clear that such **facts** must be established by proof beyond a reasonable doubt. Jones, 526 U.S. at. 252-53 (Stevens J., concurring). See also, petitioner's petition at page 6.

Petitioner's 924(c)(1) claim deals squarely with the Supreme Court's holding in Castillo, supra. In Castillo, the defendant was charged with a base offense of § 924(c)(1) which carries a mandatory consective five year sentence, but the district court sentenced the defendant to 30 years imprisonment, by the preponderance of the evidence standard, for a machine gun that was never pleaded in the indictment,... In addressing the merits of Castillo, the Supreme Court stated that the machine gun is an element (fact) that must be pleaded in an indictment, submitted

-2-

to a jury and proved beyond a reasonable doubt because the type of firearm increased the sentence beyond what the defendant was exposed to (that was charged in the indictment...).

In the case at bar, as in Castillo, petitioner's indictment only charged a based offense of § 924(c)(1) and the district court sentenced petitioner, by the preponderance of the evidence standared, to 20 years for a sawoffed shot gun. In addition to this error, the district court instructed the jury that: "they need not fine what type of firearm petitioner possessed, they need just fine petitioner possessed a firearm beyond a reasonable doubt. See, (Exhibit-A-attached).

petitioner contends that these above errors was in violation of Petitioner's Fifth and Sixth Amendment Rights and at odds with the United States Supreme Court decision in Castillo, supra and also United States v. Tran, 234 F.3d 798 (2nd Cir. 2000), notwithstanding a plethora of prevailing precedent on facts/elements being charged in the indictment (e.g., ex parte Bain, 121 U.S. 1 (18870; Stirone v. United States, 361 U.S. 217 (1960); Russell v. United States, 369 U.S. 749 (1962); and Hamling v. United States, 418 U.S. 87 (1974).

All these cases makes perfect sense, a prosecutor cannot make an ends run around the jurisdictional prerequisite of an indictment by charging "any" federal offense, and then proceed to prosecute for a different, albeit related, federal offense. Likewise, a prosecutor cannot make this jurisdictional end run, and then urge the court to sentence the defendant for an offense for which the defendant was neither charged nor convicted. Stirone

-3-

361 U.S. at 217-18 (1960).

It follows that the district court was without jurisdiction to try, adjudicate and sentence petitioner to 20 years [consecutive] improsonment for a crime that was not charged in the charging instrument and further he states that he is actually innocent of said conviction and sentence and remains presumptively innocent of the crime. To allow this error(s) to proceed forward would be a miscarraige of justice.

For the foregoing reasons, facts and prevailing precedent, petitioner's § 924(c)(1) conviction as to (Count 10) must be vacated.

### ARGUMENT.(II)

**THE COURT WAS WITHOUT AUTHORITY TO IMPOSE A JUDGEMENT AND SENTENCE UNDER COUNTS III, VI AND IX AS SUCH REPRESENTS GREATER PUNISHMENT THAN ITENDED BY THE LEGISLATURE. THE GOVERNMENT ARGUES THAT PETITIONER IS WITHOUT JURISDICTION TO ARGUE THIS ISSUE ON 28 U.S.C. 2241. THIS ARGUMENT BY THE GOVERNMENT IS MISPLACED.**

The Court stated in it's order that: "Because Roseboro has previously filed two motions pursuant to 28 U.S.C. § 2255 callenging his conviction, there is no need to provide the notice specified in United States v. Miller, 197 F.3d 644 (3rd Cir. 1999), before acting upon Roseboro's petition. Miller sought to prevent the unintended procedural default of an issue due to the inmate filing a petition under the wrong statutory provision or due to a failure to raise all viable issues in a single postconviction petition. **These concerns are not implicated where, as here, the inmate has already pursued not only one § 2255 petition but also a successive § 2255 petition**".

The government raised abuse of writ in it's opposition to petitioner's 28 U.S.C. § 2241, the petitioner has shown cause for failing to raise the claim earlier and prejudice that resulted from the errors for which he complains. McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S.Ct. 1454, 1469-70 (1991).

A petitioner abused the if raised issues identical to those raised in previous § 2255 motion that were rejected on their merits or issues that were available to petitioner but were not raised in the previous motion. Kuhlmann v. Wilson, 477 U.S. 436 444, 106 S.Ct. 2616 (1986). In order to show prejudice for this failure to raise the issue previously, a defendant would have to show "not merely that the error at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584 (1982). Petitioner has met this standard by showing petitioner was punished twice for the same offenses.

Petitioner ask that this Honorable Court vacate his conviction as to counts six and nine of the indictment as the derrives from the single transactions of counts two, five and eight respectively and, therefore stands as a greater punsishment than intended by the Legislator. Walters v. Harris, 460 F.2d 988,994 (4th Cir. 1972)(citing) Heflin v. United States, 358 U.S. 415 (1959) and the Supreme Court's most recent opinion in Rutledge v. United States, 517 U.S. 292, 134 L.Ed. 2d 419, 116 S.Ct. 1241 (1996).

# CERTIFICATE OF SERVICE

I, CHRISTOPHER ROSEBORO, hereby certify, under the penalty of perjury, that I have mailed a true copy of the foregoing document(s) to those listed below at the address listed with the proper amount of first class postage prepaid by placing same in the institutional legal mailbox at the United States Penitentiary at Lewisburg, Pennsylvania this  2  day of APRIL, 2001

This same day I have mailed in the same way an original and 2 copies of the foregoing documents(s) to the Clerk of the Court.

CC:
UNITED STATES ASSISTANT ATTORNEY
MATTHEW E. HAGGERTY.
FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA.

RESPECTFULLY SUBMITTED
*Christopher Roseboro*
MR. CHRISTOPHER ROSEBORO.
PRO-SE PETITIONER.

(EXHIBIT-A-attached). 520

as the defendants had the firearm available to protect their criminal endeavors if they needed to do so, that is sufficient to establish use of the firearm.

To satisfy this element, you must also find that the defendants knowingly used the firearm. This means that they carried the firearm purposely and voluntarily and not by accident or mistake. It also means that they knew the weapon was a firearm as we commonly use the word. However, the government is not required to prove that the defendants knew that they were breaking the law.

You may find that the defendants used or carried a firearm during and in relation to the offenses charged, even if the firearm was not introduced in evidence during trial. There is no requirement that the government produce the actual firearm used by the defendants. The testimony of a witness or witnesses that the defendants carried a firearm while committing the offense is sufficient.

Under the federal aiding and abetting statute, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty. The person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of the offense charged if you find beyond a reasonable doubt that

(EXHIBIT-B-attached).

### COUNT TEN

And the Grand Jury for the District of Maryland further charges that:

On or about January 12, 1994, in the State and District of Maryland,

**SHAWN RENALDO HARRISON**
a/k/a "Sean Renaldo Harrison"
**JAMES EDWARD KEY**
a/k/a "Smoke"
**and CHRISTOPHER ROSEBORO**

did unlawfully, knowingly, and intentionally use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a Court of the United States, that is, the robbery of the Provident Bank, 2934 O'Donnell Street, Baltimore, Maryland, a violation of 18 U.S.C. § 2113, as set forth in Count Eight, above.

18 U.S.C. § 924(c)
18 U.S.C. § 2

_____
LYNNE A. BATTAGLIA
United States Attorney

A TRUE BILL:

_____
Foreperson

_____
Date

11

JHY:USAO9400084

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. B-94-034 |
| v. : | (Conspiracy, 18 U.S.C. § 371; Bank Robbery, 18 U.S.C. |
| SHAWN RENALDO HARRISON : | § 2113(a), (f); Armed Bank |
| a/k/a "Sean Renaldo Harrison" | Robbery, 18 U.S.C. § 2113(d); |
| JAMES EDWARD KEY : | Use of a Firearm During a |
| a/k/a "Smoke" and | Crime of Violence, 18 U.S.C. |
| CHRISTOPHER ROSEBORO : | § 924(c); Aiding and |
| | Abetting, 18 U.S.C. § 2) |

...oOo...

### SECOND SUPERSEDING INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

From on or about August 27, 1993 and continuing up to and including January 12, 1994, in the State and District of Maryland,

**SHAWN RENALDO HARRISON**
a/k/a "Sean Renaldo Harrison"
**JAMES EDWARD KEY**
a/k/a "Smoke"
**and CHRISTOPHER ROSEBORO**

did knowingly, unlawfully, and willfully combine, conspire, confederate, and agree together to violate the laws of the United States, to wit, 18 U.S.C. § 2113.

### OVERT ACTS

In furtherance of the conspiracy, and pursuant thereto, the defendants performed, participated in and did the following acts, among others: