

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER ROSEBORO,  :
      Petitioner  :  CIVIL NO. 1:CV-01-0184
        :
v.  :  (Judge Kane)
        :
DONALD ROMINE, Warden,  :
        :
      Respondent  :

FILED
HARRISBURG
SEP 3 0 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**MEMORANDUM AND ORDER**

**Background**

    This <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Christopher Roseboro, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). The required filing fee has been paid. Named as sole Respondent is USP-Lewisburg Warden Donald Romine.

    Roseboro's petition asks this Court to consider the effect of <u>Castillo v. United States</u>, 120 S.Ct. 2090 (2000) on his conviction and sentence. For the reasons outlined herein, Petitioner's action will be dismissed without prejudice[1].

---

[1] Because Roseboro has previously filed two motions pursuant to 28 U.S.C. § 2255 challenging his conviction, there is no need to provide the notice specified in <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999). <u>Miller</u> sought to prevent the unintended procedural default of an issue due to the inmate filing a petition

In 1994, Roseboro and a co-defendant, James Edward Key, were indicted by a Grand Jury in the United States District Court for the District of Maryland, for conspiracy to commit robbery of three banks, in violation of 18 U.S.C. § 371; robbery of three banks in violation of 18 U.S.C. §§ 2113 and 2; and use of firearms in the commission of the three bank robberies, in violation of 18 U.S.C. § 924(c). See United States v. Roseboro, 87 F.3d 642, 644 (4 Cir. 1996).

Roseboro and his co-defendant were acquitted by a jury on the firearms count and the conspiracy count relating to the first bank robbery, but convicted of the remaining eight counts. Id. On August 11, 1994, the court sentenced Roseboro to 300 months for the bank robberies, 60 months for the first firearms violation and 240 months for the second firearms violation, for a total of 600 months. Id.

Roseboro filed a direct appeal to the United States Court of Appeals for the Fourth Circuit. Id. On June 20, 1996, the court affirmed Roseboro's conviction. Id.

On January 8, 1998, Roseboro filed a motion to vacate sentence

---

under the wrong statutory provision or due to the failure to raise all viable issues in a single post-conviction petition. These concerns are not implicated where, as here, the inmate has already pursued not only one § 2255 petition, but also a successive § 2255 petition.

2

pursuant to 28 U.S.C. § 2255, which was denied by the trial court on April 16, 1999. (Doc. No. 6, Exhibit 1, p. 1). He appealed the denial of his § 2255 motion to the Fourth Circuit. On January 13, 2000, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Roseboro's appeal. See United States v. Roseboro, 199 F.3d 1329 (Table), 1999 WL 973617 (4th Cir. 1999). Roseboro then petitioned the Fourth Circuit Court of Appeals for leave to file a second or successive § 2255 motion. On December 13, 2000, the Court denied Roseboro's petition. (Doc. No. 6, Exhibit 1, p. 4).

His present action asserts that (1) his conviction should be overturned because the type of firearm used in the commission of the bank robberies was not charged in the indictment or submitted to the jury as required under Castillo; (2) that he was sentenced more than once for the same offenses; and (3) that his counsel was ineffective. (Doc. No. 2, Memorandum of Law in Support of Petition).

In Castillo, the Supreme Court concluded that where the minimum five (5) year sentence for a violation of § 924(c) is increased because of the type of firearm employed, the type of firearm is an element of the crime which must be submitted to a

3

jury.[2] Roseboro asserts that his firearms convictions are invalid under <u>Castillo</u> because the firearm type was not charged in the indictment, nor submitted to the jury or proven beyond a reasonable doubt. (Doc. No. 2, memorandum of law in support of petition). Based on this arguments Petitioner contends that he is actually or legally innocent and therefore his convictions must be vacated. <u>Id</u>. Roseboro also maintains that his present action should be entertained because his § 2255 remedy is inadequate.

Respondent has submitted a response stating that motions under § 2255 provide the exclusive vehicle by which a federal prisoner can challenge a conviction or sentence. Consequently, the Respondent argues that Roseboro's present claims are not properly raised under § 2241.

**DISCUSSION**

A federal criminal defendant's conviction/sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., <u>United States v. Addonizio</u>, 442 U.S. 178, 179 (1979). In the instant case, Roseboro is clearly maintaining that both his federal convictions and sentence are invalid. Therefore, § 2255 would ordinarily be the proper vehicle

---

[2] The Court noted that the mandatory penalties under § 904(c) were based on the type of firearm used, thus, demonstrating the intent of Congress to establish separate aggravated offenses, not simply to authorized enhanced penalties.

4

for Petitioner's claims.

Originally enacted in 1948 as the equivalent of the habeas writ, § 2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal trial court. The only exception, which we will address below, allows a federal prisoner to bring a habeas petition if a § 2255 proves "inadequate or ineffective." 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir 1997); Application of Galante, 437 F.2d 1164, 1165 (3rd Cir. 1971).

The reason Congress initially enacted § 2255 was the difficulty of administering habeas petitions under 28 U.S.C. § 2241. Previously, prisoners had challenged their federal convictions by filing a petition under § 2241 in the district where the prisoner was confined. As a result, the few districts in which federal penal institutions were located had an inordinate number of habeas actions and did not have access to the witnesses and records of the sentencing court. Dorsainvil, 119 F.3d at 249.

In 1996, Congress imposed limitations on the availability of collateral attack of convictions and sentences through amendment

5

to 28 U.S.C. § 2255.[3] The 1996 amendments retained the original provisions of § 2255 and added both a one-year statute of limitations and restrictions on a prisoner's ability to bring a second or successive motion. The statute of limitations runs from the latest of: 1) the date on which final judgment of conviction becomes final; 2) the date on which impediment to making motion created by the government is lifted; 3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim could have been discovered.

In addition, Congress required that a second or successive motion must be certified by the appropriate court of appeals. Known as the "gatekeeping provisions," certification restricts a prisoner's ability to bring a second or successive motion by requiring that the new motion contain either: 1) newly discovered evidence, that if proven would be sufficient to establish that movant was not guilty; or 2) a new rule of constitutional law, made

---

[3] In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). As part of AEDPA, 28 U.S.C. §§ 2254 and 2255 were amended, limiting the availability of collateral review for all motions brought under those sections.

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

Prisoners may attempt to circumvent the statute of limitation and gatekeeping provisions of § 2255 by bringing a claim for collateral review of conviction or sentence under § 2241. As noted previously, a § 2241 petition is only available to attack the validity of a conviction or sentence in the very limited situation where a § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255. "Section 2241 'is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967 at *1 (10th Cir. Oct. 26, 2000)(citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

In ruling on the issue of "inadequate or ineffective," the appellate courts have instructed that a motion under § 2255 is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000)(citing United States ex rel. Leguillou v. Davis, 212 F. 2d 681, 684 (3d Cir. 1954)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)(per curiam). It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See Reyes

7

Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir 1966).

Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the motion remedy is inadequate and ineffective. Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986). The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).

Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), and In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), also addressed what circumstances make a § 2255 inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition

8

in this court. Brooks, 230 F.3d at 647; Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 4. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman,124 F.3d at 377; Dorsainvil,119 F.3d at 249. The serious constitutional issue discussed was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. See Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Fundamental to Dorsainvil was the premise that the applicant may actually be innocent of the crime charged and that he was seeking relief on the basis of a Supreme Court holding that was not contemplated by the congressional limitations placed on second or successive § 2255 petitions. The instant Petitioner has not presented any allegations suggesting actual innocence. Unlike

9

Dorsainvil, Roseboro's claims are not premised on any statutory or caselaw which would qualify as being an intervening change in substantive law that negates the criminal nature of his conduct. Rather, his claims are based on procedural requirements which have little to do with the question of Petitioner's guilt. Moreover, it appears that Roseboro's present claims with exception of his request for relief under Castillo, could have been raised either on direct appeal or in his prior § 2255 proceeding. Consequently, it is the conclusion of this Court that the narrow exception contemplated by the Court of Appeals for the Third Circuit in Dorsainvil does not authorize consideration of this § 2241 petition.

Castillo has not been made retroactive to cases on collateral review. See In re Tatum, 233 F.3d 857, 859 (3d Cir. 2000) (Castillo does not apply retroactively to cases on collateral review); see also Tyler v. Cain, 121 S.Ct. 2478 (2001); In Re: Carnell Turner, No. 00-2260, slip op. (3d Cir. Sept. 21, 2001). Tyler held that a new rule is made retroactive to cases on collateral review only if the Supreme Court holds it to be retroactively applicable to cases on collateral review. 121 S.Ct. at 2481.[4]

---

[4] While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim. This is so because a § 2255 motion is the federal equivalent of a state

10

Based on the foregoing analysis, the fact that Castillo was decided on June 5, 2000, well after disposition of Petitioner's § 2255 motion, does not allow him to assert his claims as a § 2241 petition. However, in the event that the Supreme Court establishes that Castillo may be retroactively applied to cases on collateral review, Petitioner could reassert his Castillo claim by seeking permission from the Fourth Circuit for leave to file a successive § 2255 motion. The Petitioner's claim for relief under Castillo will be dismissed without prejudice. Since they are not properly raised under § 2241, the remainder of Roseboro's claims are hereby dismissed. An appropriate order will enter.

AND NOW, THIS 30TH DAY OF SEPTEMBER, 2002, IT IS THEREFORE ORDERED THAT:

1. Petitioner's claim for habeas relief under Castillo v. United States, 530 U.S. 120 (2000) is dismissed without prejudice.

2. The remaining claims asserted by the Petitioner are dismissed.

3. The Clerk of Court is directed to close this case.

---

habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect. United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing Reed v. Farley, 512 U.S. 339, 353 (1974)). Precedent under § 2254 and § 2255 may be used interchangeably. 916 F. Supp. at 377 n.3 (citing Kaufman v. United States, 394 U.S. 217, 224-27 (1969)).

11

4. There is no basis for the issuance of a certificate of appealability.

_____
YVETTE KANE
United States District Judge

YK:dlb