UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

OCT 1 1 2002

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Christopher Roseboro,
    Petitioner,

v.                                   Civ. No.: 1:CV-01-0184
                                     (Judge Kane)
Donald Romine, Warden
[Dodrill, present Warden],
    Respondent.


MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e)
TO ALTER AND AMEND JUDGMENT

    Comes now, Christopher Roseboro [Hereinafter "Petitioner"], respectfully moves this Honorable Court, as a layman unskilled in the profession(s) of law who seeks judicial protection(s), to alter and amend its September 30th, 2002 Memorandum and Order ("Mem/Order") dismissing Petitioner's <u>Castillo</u> claim without prejudice for essentially three reasons: 1) § 2255 is not "inadequate or ineffective"; 2) Petitioner did not allege actual innocence; and, 3) <u>Catillo</u>, was not retroactive to cases on collateral review; thus, directing Petitioner to seek leave to file a second or successive petition with the Fourth Circuit Court of Appeals.  See, Mem/Order.

    Petitioner asserts, that if this Honorable Court does not alter and amend its Mem/Order, a "manifest injustice/miscarriage of justice" will result in this cause of action as illustrative below:

<u>Castillo</u> <u>Claim</u>

    In <u>Castillo</u>[1], the Supreme Court interpretated the statute under 18 U.S.C.

---

1. <u>Castillo v. United States</u>, 120 S.Ct. 2090 (2000).

§ 924(c)[Firearm statute] in which it concluded that where the minimum five (5) year sentence for a violation of § 924(c) is increased because of the type of firearm employed, the type of firearm is an element of the crime which must be charged in an indictment, submitted to a jury and proved beyond a reasonable doubt. Also, the Court noted that the mandatory penalties under § 924(c) were based on the type of firearm used, thus, demonstrating the intent of Congress to establish separate aggravated offenses, not simply to authorized enhanced penalties.

Petitioner's entire argument, with respects to <u>Castillo</u>, supra., was pursuant to the Supreme Court's interpretation of the statute of Petitioner's conviction, that is, Count 10 [§ 924(c)]; where the Supreme Court stated that the type of firearm used in an offense is an element of the offense [aggravated offense of § 924(c)]. Further, Petitioner alleged that, "Count 10 should be vacated due to an intervening change in law, further, such errors were not ..., but [substantially] infringed upon the Petitioner's [constitutional right] to [Due Process of Law] a fair trial [sic]." (Emphasis added)(See, Memorandum of Law in Support of the Petitioner's Petition - ["Pet. Mem."] at page 1).

Petitioner was charged in Count 10 as follows:

> "... did unlawfully, knowingly, and intentionally use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the robbery of the Provident Bank of Maryland, 2934 O'Donnell Street, Baltimore, Maryland, a violation of 18 U.S.C. § 2113, as set forth in Count Eight, above.
>
> 18 U.S.C. § 924(c)
> 18 U.S.C. § 2

During Petitioner's trial there were essentially two firearms [44 caliber pistol and a sawed off shot gun] stated were used in the commission of the

-2-

bank robbery charged against Petitioner. Further in trial, the district court <u>instructed</u> the jury that, "they need not find what type of firearm petitioner possessed, they need just find petitioner possessed a firearm beyond a reasonable doubt." The jury returned a guilty verdict as to Count 10. Subsequently thereafter, the court found Petitioner guilty of the sawed off shot gun and sentenced him to 20 years. See, Pet. Mem. at page 10.

Due to the facts that, Petitioner was not charged with any type of firearm in his indictment; the jury was presented with two types of firearms; the district court instructed the jury they need now find what type of firearm [44 caliber or sawed off] Petitioner possessed beyond a reasonable doubt; and, arbitrarily sentencing Petitioner to the sawed off shot gun - [substantially] infringed upon the Petitioner's constitutional right to Due Process of Law and a Jury Trial guarantee, that is, usurpation of the grand jury's [independent] function by filling in the gaps with more than one basis [firearms] against Petitioner by constructively amending Petitioner's indictment [the Government as well]; relieving the Government's burden of proof <u>beyond a reasonable doubt</u>; and, establishing a "direct verdict" against Petitioner at sentencing.

In <u>Jones v. United States</u>, 526 U.S. 227 (1999)(which stated that the carjacking statute, 18 U.S.C. § 2119, subsections established three (3) separate aggravated offenses that must be charged in an indictment, submitted to the jury and proved beyond a reasonable doubt), the Supreme Court unequivocally held that, "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of punishment to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." <u>Id</u>., at 252-53. See, Pet. Mem. at page 6.

Reason[s] For Granting This Rule 59(e) Motion

Petitioner asserts, that [§ 2255] is "inadequate or ineffective" in this cause of action and that § 2241 is the express remedy for this cause of action:

As pertinent to this discussion, § 2255 provides that a court of appeals may authorize the filing of a "second or successive" § 2255 motion only if the movant's application contains a claim based upon:

> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
>
> Id., at 28 U.S.C. § 2255.

Petitioner did not claim "newly discovered evidence" as a prelude to review, thus, the former statutory prerequisite is not implicated. The latter requisite criteris is equally unavailing where the U.S. Supreme Court has not "made" Castillo, supra., retroactive to cases on collateral review within the meaning of 28 U.S.C. § 2244(b)(2)(A). See, Tyler v. Cain, 553 U.S. ___, 150 L.Ed.2d (2000). However, substantive rules of criminal law generally apply retroactively to cases on collateral review. See, Robinson v. Neil, 409 U.S. 505 (1973); also see, United States v. Johnson, 457 U.S. 537 (1982)(citing cases); Davis v. United States, 417 U.S. 333 (1974); Bousley v. United States, 523 U.S. 614 (1998). Accord, U.S. v. Osser, 864 F.2d 1056 (3rd Cir. 1988).

Considering the governing "equitable principles" applicable to habeas corpus, see, e.g., Schlup v. Delo, 513 U.S. 298 (1995)("[T]h[is] Court has

adhereed to the principle that habeas corpus is, at its core, an equitable remedy"), Id. at 103 L.Ed.2d. 831; <u>Buhlmann v. Wilson</u>, 477 U.S. 436 (1986), if Petitioner is precluded review of his claims emanating from the intervening substantive rule of criminal law announced in <u>Castillo</u>, supra., because of the gate-keeping provisions under § 2255, such preclusion would amount to a "complete miscarriage of justice." And because 28 U.S.C. § 2244(b)(2)(A) does not afford review for claims emanating from "substantive rules of criminal law," § 2255 as amended by AEDPA, is inadequate and ineffective to test the legality of Petitioner's detention.

There are two aspects of every trial: 1) procedural law, the rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines specific rights or duties themselves; 2) substantive law, the part of the law that creates, defines, and <u>regulates</u> the rights, duties and powers of the parties. In order words, "so far as the administration of justice is concerned with the application of remedies to violated rights, we may say that the substantive law defines the remedy and the right, while the law of procedure defines the models and conditions of the application of one to the other." See, <u>Black's Law Dictionary</u>, 7th Ed. (1999). See also, the word "regulate": [T]o direct by rule or <u>restriction</u>; to limit and prohibit. See, <u>Black's Law Dictionary abridged</u> 6th Ed. (emphasis added).

<u>Castillo's</u> holding falls squarely within the definition of "substantive law." For instance, the Court's declaration that the type of firearm is an element of the offense that must be charged in an indictment, submitted to a jury and proved beyond a reasonable doubt - clearly <u>restricts</u> and limits the amount of punishment to which a defendant may be exposed. Thus, the Supreme Court "recognized full retroactivity as a necessary adjunct to a ruling that a trial court lacked authority to convict or punish a criminal defendant in the

first place." See, Johnson, 120 SCt. at 2587, 73 L.Ed.2d at 214. Next, the Court's further announcement that "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of punishment to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."; certainly and unarguably, defines the "rights" of the parties, and therefore, substantive.

Substantive rules generally are not difficult to distinguish from procedural. although the Supreme Court has declined to draw an ironclad distinction between cases falling in one category or the other. See, Robinson, supra., at 409 U.S. at 509. A substantive rule may establish that the defendant was innocent. See e.g., Bailey v. United States, 516 U.S. 137 (1995), or that he should not have been convicted of a crime, Gideon v. Wainwright, 327 U.S. 335 (1963)(complete denial of counsel), but not all "substantive" rules do so. For instance, a sentencing rule that determines how much or what type of punishment can be imposed for a crime is also plainly substantive. this point is aptly demonstrated by Furman v. Georgia, 408 U.S. 238 (1972), in which the Supreme Court held that the Constitution forbids the imposition of the death penalty under the circumstance and the statute presented in the case.

The decision merely forestalled imposition of a particular punishment, and did not require States to readjudicate guilt in any case. See, Robinson v. Neil, 409 U.S. 505, 93 S.Ct. at 878. Even so, for reasons too obvious to require elaboration, the rule announced in Furman was cited by the Supreme Court as a prime example of the type of substantive rule that must receive full retroactive application. Johnson, 457 U.S. at 550. In Penry v. Lynaugh, 492 U.S. 302, 329-30 (1989), an earlier example of a substantive

-6-

sentencing-related decision, the Supreme Court held that the Eighth Amendment prohibits execution of a mentally-retarded person. Again, Penry did not establish that the defendant's conduct was not a crime but, instead, like Furman, it merely restricted the application of a particular punishment. In so ruling, the High Court held that Teague's exception applied to a newly announced rule that the Constitution "deprives the States of the power to impose a certain penalty." Penry, 492 U.S. at 330. This line of authority clearly dictates that Catillo's holding restricting the imposition of punishment exceeding the ambits of the indictment, submission to the jury and proof beyond a reasonable doubt, is substantive.

In most instances, however, the Supreme Court rarely gives a specific "retroactive" announcement to substantive rules of criminal law. See, e.g., Walker v. Georgia, 408 U.S. 936 (1972)(applying Furman retroactively), and in Moore v. Illinois, 408 U.S. 786 (1972); see also, Robinson, 409 U.S. at 509-10 (noting the retroactive application of Furman v. Georgia, 92 S.Ct. 2726). Accord, Bailey v. United States, 516 U.S. 137 (1995); Benton v. Maryland, 395 U.S. 784 (1969). In Bousley v. United States, 523 U.S. 614 (1998), the Court drew a clear demarcation between procedural and "substantive" rules in regards to Teague's nonretroactivity principles. "[T]eague by its terms applies only to procedural rules ... [and] [t]his distinction between substance and procedure is an important one in the habeas context." Id., at 140 L.Ed.2d 838. This view was adopted from Justice Harlan's developed analysis that "substantive due process" must stand on a different footing. Mackey v. United States, 401 U.S. at 692 (1971). Accord, Linkletter v. Walker, 381 U.S. 618 (1965)(test for criminal cases).

Clearly, Castillo's ruling - which interpretated the [criminal code] of 18 U.S.C. § 924(c) constitutes substantive law, that is, intervening change in

substantive law. In <u>Castillo</u>, as in Petitioner's case, the aggravated offense of § 924(c) [type of firearm] must be pleaded in the indictment, submitted to the jury and proved beyond a reasonable doubt, which this Court recognized in its Mem/Order at pages 3-4.

This in place, and assuming the Court is persuaded that <u>Castillo</u> announced an intervening "substantive rule of criminal law," this circuit's holding in <u>In re Dorsainvil</u>, 119 F.3d 245 (3rd Cir. 1997), is instructive. In that case, the court held, <u>inter alia</u>, that the petitioner could seek relief under the federal habeas corpus statute, as the remedy by motion to vacate sentence was inadequate and ineffective because petitioner was barred from filing a second motion under AEDPA, and <u>Bailey</u> [<u>Castillo</u> in case at bar], id., was decided after petitioner filed first motion to vacate. Id. The "miscarriage of justice" exception proved <u>compelling</u>. The court reasoned that "[i]f it is a 'complete miscarriage of justice' to punish a defendant for an act that the law does not make criminal ... it must follow that it is the same 'complete miscarriage of justice' when AEDPA amendment to second § 2255 makes the collateral remedy unavailable." <u>Id.</u>, at 251. Following this line of reasoning, it is equally compelling that a defendant <u>punished</u> in excess of what the law allows results in a "complete miscarriage of justice." Rightfully so, it must again follow that it is the same complete miscarriage of justice when the AEDPA amendment to § 2255 makes the motion remedy unavailable. <u>See</u>, e.g., <u>U.S. v. Dozier</u>, 119 F.3d 239 (3rd Cir. 1997)(imposing on defendant a sentence that the law did not authorize at the time he committed his crime is a miscarriage of justice).

Under these circumstances, § 2255 is inadequate and ineffective to test the legality of Petitioner's claim of unlawful detention.

Furthermore, Petitioner claims that he is "actually innocent" of any aggravated crime (Count 10) because he was neither charged in his indictment with any type of firearm; type of firearm not submitted to the jury; and, it was not proved beyond a reasonable doubt which resulted in a complete miscarriage of justice. See, Pet. Mem. at page 10. Also see, page 7 in Pet. Mem. where actual innocence was alleged; in which this Court takes contrary positions in its Mem/Order: "... Based on this arguments Petitioner contends that he is actually or legally innocent and therefore his convictions must be vacated." (See, Mem/Order at page 4); "... The instant Petitioner has not presented any allegations suggesting actual innocence." (See, Mem/Order at page 9).

Petitioner may obtain review of his constitutional claims if he falls within the "narrow class of cases ... implicating a fundamental miscarriage of justice." McClesky v. Zant, 499 U.S. at 494, 111 S.Ct. 1454 (1991). Claims of "actual" of "factual" innocence falls within the narrow of cases implicating a miscarriage of justice . See, Murray v. Carrier, 477 U.S. at 496 (1986)(where a constitutional violation has probably resulted in the conviction of one who is actually innocent, the merits of a defaulted claim could be reached).

"This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." Herrera v. Collins, 506 U.S. ___, 113 S.Ct. 853 (1993). At the same time, this body of habeas jurisprudence makes clear that a claim of "actual innocence" is not itself a constitutional claim, "but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 130 L.Ed.2d at 828. "We have never held that it extends to freestanding claims of actual innocence." Id., at 122 L.Ed.

-9-

2d. at 219. This is so, the Court reasoned, because "[o]nce a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears." Herrera, supra., at 122 L.Ed.2d at 216. Thus, [the] Petitioner comes to this Court with the presumption of innocence still standing due to the facts of his Castillo claim, herein.

Under this analysis, the Supreme Court has instructed that the "exception" is available only where the applicant supplements his innocence showing with a constitutional claim. See, Kuhlmann v. Wilson, 477 U.S. at 451. See, supra. pages 1-3 ... Castillo claim.

## CONCLUSION

Wherefore, for the foregoing facts, law and reasons; a § 2255 is "inadequate or ineffective" and this Court should alter and amend its judgment (September 30th, 2002) to afford Petitioner relief under § 2241 by granting a vacation of Petitioner's conviction under the ambits of the Castillo violation, herein.

Respectfully Submitted,

*/s/ Christopher Roseboro* 29911-0
Christopher Roseboro

Dated:  Placed into USP Lewisburg's institutional legal mailbox on this  7th, day of October, 2002.  See, 28 U.S.C. § 1746.

*/s/ Christopher Roseboro* 29911-0
Christopher Roseboro

-10-

