IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER ROSEBORO, :
:
      Petitioner :
:
v. : CIVIL NO. 1:CV-01-0184
:
DONALD ROMINE, Warden, : (Judge Kane)
:
      Respondent :

## MEMORANDUM

By memorandum and order dated and filed September 30, 2002 (Doc. 10), this Court dismissed the present action, without prejudice. Presently before the Court is the Petitioner's motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e). In his motion, the Petitioner asks the Court to reconsider its decision on the merits of the habeas petition, and grant the relief requested.

A motion for reconsideration is a device of limited utility. It may be used only to remediate manifest errors of law or fact, or to present newly-discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171

(1986). It has also been held that a motion for reconsideration is appropriate in instances where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his motion to alter or amend, the Petitioner challenges the Court's determinations that (1) 28 U.S.C. §2255 is not ineffective or inadequate, (2) Petitioner did not allege actual innocence, and (3) the holding of *Castillo v. United States*, 120 S.Ct. 2090 (2000), does not apply to this case. The Court has reviewed its decision, and is unpersuaded by the Petitioner's arguments.

As explained in this Court's memorandum and order of September 30, 2002 (Doc. 10), §2255 statute of limitations and gatekeeping requirements may not be circumvented with a §2241 petition, and the Petitioner's inability to utilize the §2255 remedy does not render such a motion inadequate or ineffective. *Garris v. Lindsay*,

794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986). Further, *Castillo* has not been held to apply retroactively, and that holding would not establish the Petitioner's actual innocence of the crime charged. A mere disagreement with the Court does not constitute clear error, and a motion for reconsideration is not a tool to reargue the issues already addressed and resolved by the Court. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D.Pa. 1997). Ultimately, the Petitioner has not made a showing that would warrant this Court to alter or amend its memorandum and order of September 30, 2002 (Doc. 10). An appropriate order follows.

       s/ Yvette Kane
       YVETTE KANE
       United States District Judge

Dated: April 15, 2003

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER ROSEBORO, :
:
    Petitioner :
:
v. : CIVIL NO. 1:CV-01-0184
:
DONALD ROMINE, Warden, :   (Judge Kane)
:
    Respondent :

## **ORDER**

AND NOW, THIS 15th DAY OF APRIL, 2003, for the reasons set forth in the attached memorandum, it is hereby ordered that the Petitioner's motion to alter and amend judgment pursuant to Fed.R.Civ.P. 59(e) (Doc. 11) is **DENIED**.

                          s/ Yvette Kane
                          YVETTE KANE
                          United States District Judge