HPS-21                                             **UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2585
_____

CHRISTOPHER ROSEBORO,

Appellant

v.

DON ROMINE,
Warden U.S.P. Lewisburg;
UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00184)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
and for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 9, 2003

Before: SCIRICA, <u>CHIEF JUDGE</u>, WEIS AND GARTH, <u>CIRCUIT JUDGES</u>

(Filed   October 30, 2003)

_____

OPINION
_____

PER CURIAM

Appellant Christopher Roseboro, a federal prisoner incarcerated at the United States

Prison at Lewisburg, Pennsylvania, appeals the order of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. In 1994, following a jury trial in the United States District Court for the District of Maryland, Roseboro was convicted of the robbery of three banks, in violation of 21 U.S.C. §§ 2113 and 2, and of using firearms in the commission of those robberies, in violation of 18 U.S.C. § 924(c). He was sentenced to an aggregate term of imprisonment of 600 months. The United States Court of Appeals for the Fourth Circuit affirmed his conviction. In January 1998, Roseboro filed a motion to vacate sentence under 28 U.S.C. § 2255 in the sentencing court. The sentencing court denied the motion in April 1999. The Fourth Circuit denied a certificate of appealability. Roseboro then petitioned the Fourth Circuit for authorization to file a second or successive section 2255 motion. The Fourth Circuit denied authorization on December 13, 2000.

On January 29, 2001, Roseboro filed the habeas petition at issue in this matter, alleging the same grounds as raised in his petition before the Fourth Circuit for authorization to file a second or successive 2255 motion. He alleges that his conviction for violating section 924(c) is invalid in light of the United States Supreme Court's decision in Castillo v. United States, 530 U.S. 120 (2000). In Castillo, the Supreme Court held that where the minimum five-year sentence for a section 924(c) violation is increased because of the type of firearm employed during the commission of the offense, the type of firearm used or carried becomes an element of a separate, aggravated offense which must be identified in the

indictment and proved to a jury beyond a reasonable doubt.  Roseboro contended that the indictment was defective, thus depriving the District Court of subject matter jurisdiction, because it failed to allege the type of firearm used in the commission of the bank robberies.  He also asserted that he was sentenced more than once for the same offenses, and that counsel was ineffective.  On September 30, 2002, the District Court dismissed the habeas petition, dismissing the Castillo claim without prejudice.  On April 15, 2003, the District Court denied Roseboro's timely motion to alter or amend the judgment.  Roseboro appeals.

It is well-established that a prisoner's claims challenging the legality of his conviction and sentence must ordinarily be raised in a motion under section 2255.  See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Such claims may not be raised in a section 2241 petition except where the remedy under section 2255 would be "inadequate or ineffective."  28 U.S.C. § 2255; Dorsainvil, 119 F.3d at 251.  Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief, or because a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive section 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996.  See id.

Roseboro contends that section 2255 is inadequate and ineffective to test the legality of his conviction.  In support, with respect to his claim under Castillo, Roseboro relies on Dorsainvil, in which we held that a petitioner can seek relief under 28 U.S.C. § 2241, where the petitioner is in a unique position in which he may have been convicted for conduct that

3

was not criminal and yet have no section 2255 remedy. The circumstances here are different. In Dorsainvil, we held that a petitioner who asserted that his conviction was rendered invalid by Bailey v. United States, 516 U.S. 137 (1995), could seek relief under section 2241 because the remedy by a motion pursuant to section 2255 was inadequate and ineffective. Contrary to Roseboro's assertions, the Supreme Court's holding in Castillo did not declare certain conduct, previously regarded as criminal, not criminal. Therefore, the narrow exception in Dorsainvil does not extend to Roseboro's Castillo claim. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (petitioner cannot invoke section 2241 to pursue claim based on Apprendi v. New Jersey, 530 U.S. 466 (2000), because intervening change in law did not render crime for which appellant was convicted not criminal). As noted by the District Court, if the United States Supreme Court later holds that Castillo may be applied retroactively on collateral review, Roseboro will be able to seek authorization from the Fourth Circuit for leave to file a successive section 2255 motion to raise that claim.

    We will summarily affirm the order of the District Court.